United States District Court
Southern District of Texas
**ENTERED**
January 03, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARIO A PEREZ, | § |
| | § |
| Petitioner, | § |
| | § |
| VS. | §   CIVIL ACTION NO. 2:23-CV-00243 |
| | § |
| RALPH HANSON, | § |
| | § |
| Respondent. | § |

### MEMORANDUM AND RECOMMENDATION TO DISMISS
### CASE FOR FAILURE TO PROSECUTE

Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on September 25, 2023. The U.S. District Clerk notified Petitioner his pleading was deficient for failure to pay the filing fee or, alternatively, for failing to file an application to proceed *in forma pauperis* ("IFP"). (D.E. 4). Petitioner was directed to either pay the filing fee or to file a certified copy of his inmate trust fund statement and an application to proceed IFP. Petitioner was directed to comply by October 26, 2023, and notified that failure to comply may result in his case being dismissed for want of prosecution. (D.E. 4); Fed. R. Civ. P. 41(b). Petitioner did not comply.

Therefore, on October 27, 2023, this Court entered a Notice of Deficiency and ordered Petitioner to either pay the $5.00 filing fee or submit an IFP application along with a certified copy of his trust fund statement no later than November 21, 2023. (D.E. 5). Petitioner was again notified that failure to comply may result in dismissal for want of

prosecution. Fed. R. Civ. P. 41(b); (D.E. 5, Page 2). While Petitioner submitted an uncertified copy of his inmate trust fund account statement on November 22, 2023, which indicates he has the ability to pay the $5.00 filing fee, he did not submit an application to proceed IFP. (D.E. 6). Therefore, on November 29, 2023, the Court entered a Second Notice of Deficiency, again ordering Petitioner to either pay the $5.00 filing or to submit an IFP application no later than December 18, 2023. Again, Petitioner was warned that failure to comply may result in dismissal for want of prosecution. (D.E. 7, Page 2). Petitioner has failed to comply.

Therefore, it is respectfully recommended that Petitioner's case be **DISMISSED** pursuant to Fed.R.Civ.P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).

ORDERED on January 3, 2024.

Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).